United States Courts
Southern District of Texas
FILED

FEB 15 2008

Michael N. Milby, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL PALMER** | § | |
| | § | |
| **V.** | § | **C.A. NO. C-06-515** |
| | § | |
| **THE OFFSHORE DRILLING COMPANY** | § | |

# JURY CHARGE

Now that you have heard all the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court considering the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instruction as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court just as it would also be a violation of your sworn duty as judges of the facts to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case you must not be swayed by bias or prejudice or sympathy in any part of your deliberations. Our system of law does not allow jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and patiently consider all of the evidence in the case, follow

the law as stated by the Court and reach a just verdict regardless of the consequences. This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only though natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "Evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is our own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified

in the light of common experience. In other words, you make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

You may also consider either direct or circumstantial evidence. "Direct Evidence" is the testimony of one who asserts actual knowledge of a fact. When a witness testifies as to facts of his own knowledge, matters which he saw and heard, knowledge that came to him by virtue of his own senses of his observation -- this is direct evidence. "Circumstantial Evidence" is proof of a claim of facts and circumstances. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence admitted in the case.

Now, I have said that you must consider all the evidence. This does not mean, however, that you must accept all of the evidence as true and accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to their testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other

credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify and state his opinion concerning such matters. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Any notes that you have taken during this trial are only aides to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

During the trial of this cause, certain testimony has been presented to you by way of deposition, consisting of sworn answers to questions asked of the witness in advance of trial by one or more attorneys for the parties. The testimony of a witness, who, for some reason, cannot be present to testify on the witness stand may be presented in the form of a deposition. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

If you answer "Yes" to any Interrogatory that I am going to submit to you, you must find that a yes answer is supported by a preponderance of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief

that what is sought to be proven is more likely true than not true. In other words, to establish a claim by a "preponderance of evidence" merely means to prove that the claim is more likely so than not.

Mr. Palmer's first claim, under a federal law known as the Jones Act, is that his employer, The Offshore Drilling Company or TODCO, was negligent, and that the negligence caused him injury. Mr. Palmer's second claim under the general maritime law, is that the unseaworthiness of Rig 207 caused him injury.

You must consider each of these claims separately. Mr. Palmer is not required to prove both of these claims. He may recover if he proves either of them.

**JONES ACT--NEGLIGENCE**

Under the Jones Act, Michael Palmer must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if an employer's negligent act caused the claimant's injury, in whole or in part, then you must find that the employer is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a

reasonably safe place to work. If you find that Mr. Palmer was injured because TODCO failed to furnish him with a reasonably safe place to work, and that his working conditions could have been made safe through the exercise of reasonable care, then you must find that his employer at the time of his injury was negligent.

The fact that a company conducted its operations in a manner similar to that of other companies is not conclusive as to whether that party was negligent or not.

You must determine if the operations in question were reasonably safe under the circumstances. The fact that a certain practice had been continued for a long period of time does not necessarily mean that it was reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

**UNSEAWORTHINESS**

Mr. Palmer seeks damages for personal injury that he claims was caused by the unseaworthiness of TODCO's oil drilling vessel, The TODCO 207.

A owner of TODCO 207 owes to every member of the crew employed on the rig the absolute duty to keep and maintain the rig, and all decks and passageways, appliances, gear, tools, parts and equipment of the rig in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel -- a vessel

that is reasonably fit for its intended use -- no amount of care or prudence excuses the owner. However, the owner of TODCO 207 is not required to furnish an accident free rig. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The owner is not required to provide the best appliances and equipment, or the finest of crews, on the vessel. The owner is only required to provide gear that is reasonably proper and suitable for its intended use, and a crew that is reasonably adequate.

In summary, if you find that the owner of TODCO 207 did not provide an adequate and competent crew to perform the tasks required, or if you find that TODCO 207 was in any manner unfit as alleged in accordance with the law as I have just explained it to you and that this was a proximate cause of injury, a term I will explain to you, then you may find that TODCO 207 was unseaworthy and the owner liable for those injuries caused by the unseaworthy condition, without considering any negligence on the part of any defendant, or any of its employees.

However, if you find that TODCO 207 had a capable crew and appliances and gear that were safe and suitable for their intended use, then TODCO 207 was seaworthy and the owner of TODCO 207 is not liable to Mr. Palmer on the claim of unseaworthiness.

## CAUSATION

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, different rules apply to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and a claimant's contributory negligence, an injury or damage is considered caused by an act or omission if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, Mr. Palmer must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that Mr. Palmer must show that the condition in question played a substantial part in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

**CONTRIBUTORY NEGLIGENCE**

TODCO contends that Mr. Palmer was negligent, and that his negligence caused or contributed to causing his injury. This is the defense of contributory negligence. TODCO has the burden of proving that Mr. Palmer was contributorily negligent. If Mr. Palmer was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. In other words, under the Jones Act a seaman has the

duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that TODCO was negligent or TODCO 207 was unseaworthy, and that the negligence or unseaworthiness was a legal cause of Mr. Palmer's injury, but you also find that the injury was due partly to the contributory negligence of Mr. Palmer then you must determine what percentage of Mr. Palmer's negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the special interrogatories.